Taut, J.,
concurring in paragraphs two through sis of the syllabus and in the judgment. In my opinion, paragraph one of the syllabus is not only inconsistent with the decision in State, ex rel. Skilton, v. Miller, Judge, 164 Ohio St., 363, 128 N. E. (2d), 47 (a decision with which I did not concur) but also is not applicable to the facts of this case. The petition does not allege that relator is a citizen or even that he is a resident of Cincinnati. The caption, which gives a Cincinnati address for him, is not a part of the petition supported by the required affidavit relative to the allegations in the petition. However, the petition does allege that relator is a taxpayer of Cincinnati; and that fact is admitted by the amended answer; and, as such taxpayer and in view of other allegations of the petition which are fully supported by the evidence, relator was specifically authorized by statute to bring an action of this kind. Sections 733.58 and 733.59, Bevised Code. Those statutes were not applicable in State, ex rel. Masterson, a Taxpayer, v. Ohio State Racing Commission, 162 Ohio St., 366, 123 N. E. (2d), 1. In State, ex rel. Brophy, v. City of Cleveland, 141 Ohio St., 518, 49 N. E. (2d), 175, it did not appear that relator was a taxpayer. Hence, I agree with the conclusion stated in the majority opinion of the Court of Appeals “that the trial court did not err in its judgment that the relator could maintain this action as a taxpayer. ’ ’
Skbbxj, J., of the Court of Appeals of the Eighth Appellate District, sitting by designation in the place and stead of Stewart, J., pursuant to Section 2, Article IY of the Constitution.